S. N. MASON, ADMINISTRATOR OF THOMAS HYDE, AND LOVINA MASON, APPELLANTS, v. HORACE H. HYDE, AND JOHN C. PAGE, HIS GUARDIAN, APPELLEES.

*Soldier's Bounty. Town Order. Gift.*

Where the consideration for an enlistment to the credit of a town was an agreement by the town with the soldier, evidenced by a town order, to pay a thousand dollars bounty with interest to the soldier's minor son when he should attain his majority, and, if he should before that time decease, then to the soldier's wife, it was *held* that the title to the money and order was from its origin vested in the son, and was no part of the estate of the soldier, he having died in the service.

Thomas Hyde enlisted in the army to the credit of the town of Barton, upon consideration that the town should pay a bounty of $1000, but under an arrangement that the town, instead of paying the bounty to Thomas, should pay it with interest to his minor son, Horace H. Hyde, when he should arrive at the age of twenty-one years ; but in case of his decease before that date, the same should be paid to Lovina, the wife of Thomas. By agreement of the parties, the interest on the $1000 was computed and added to the principal, and the town, as evidence of the contract, executed a town order as follows:

"TOWN ORDER.

                                                Barton,. August 7, 1864.

On the twenty-second day of February, 1875, for value received, pay to Horace H. Hyde, son of Thomas Hyde and Lovina Hyde, or, in case of the decease of the said Horace before the maturity of this draft, then in that case to the order of Lovina Hyde, the sum of 1814 dollars, without interest."

Which was duly executed. *Held*, that the title to the money and order was from its origin vested in Horace H. Hyde, and was no part of the estate of Thomas Hyde.

The question whether the town will have a defense upon maturity of the order, and the question of the said Lovina's rights in case Horace should die leaving a widow or issue,. not decided in this case.

APPEAL from a decision and decree of the probate court. The county court, at the June term, 1867, PECK, J., presiding, affirmed the decree of the probate court, to which the plaintiffs excepted.

The facts are fully stated in the opinion of the court.

*John H. Prentiss*, for the plaintiffs.

The selectmen have no power by drawing, nor the treasurer by acceptance of, an order payable otherwise than on demand, to bind the town. Gen. Sts., ch. 15, § 51, § 71. Neither can the town by vote do so. Gen. Sts., ch. 15, § 95. To do so would be, in effect, an issue of bills of credit, and, if it may be done in one instance, it may be done in all, and towns may thus cast all their pecuniary burdens on future generations.

If the son have any title to this $1000 debt, or to the order

which is only evidence of the debt, it is by virtue of a gift from the father, who was the meritorious cause of the debt, and from whom the consideration moved that created it. It is only on the ground of *a gift*, that it is claimed by the son, and the claim is a concession that it *was once* of the estate of the father to give. It is a sufficient answer to this claim of a gift, that it was never perfected by delivery.

Suppose the son should die a minor, leaving lawful creditors, or a wife, or heirs of his body. In such case, the ruling of the county court would divest Lovina Hyde of the money and order, though the contingency happen which the order shows was contemplated, and would defeat the expressed purpose and terms of the order. The effect of the ruling is to uphold and affirm what is claimed by the other side to be the contract, will or act of Thomas Hyde, so far as it relates to the son, and to repudiate it so far as relates to the wife.

By the terms of the order, the gift to the son, if he should die an infant, would be in the nature of a lapsed legacy, but to hold it to be so in such case, would be repugnant to that part of the order which relates to Lovina Hyde; for if the gift to the son should lapse, the money and order would sink into the residuum of Thomas Hyde's estate, intestate, and go, under *the statute of distribution*, to his heirs at law, but in no part to Lovina Hyde by *virtue of the order*, or *as a gift*. The ruling of the county court is inconsistent with the idea of a lapsed legacy, as well as repugnant to the order; for if the money or order were *never* of the estate of Thomas Hyde, though the son should die an infant, there would be no gift to lapse. Where a bequest is made to a legatee " at the age of twenty-one," or " if he attain such age," this is such a description of the person who is to take it, that, if the legatee do not sustain the character at that time, the legacy will fail. The time when it is to be paid, is attached to the legacy itself. Those words create a condition precedent, and *no interest* vests in him unless he attain that age. *Jennings* v. *Looks*, 2 P. Wms., 276 ; *Parsons* v. *Parsons*, 5 Ves., 578 ; *Sansbury* v. *Read*, 12 Ves., 75 ; *Errington* v. *Chapman, Ib.*, 20 ; *Doe* v. *Lea*, 3 Term, 41 ; 2 Bl. Com., 513 ; *Bolger* v. *Mackell*, 5 Ves., 509 ; *Bats—*

*ford* v. *Kebbell*, 3 Ves., 363; *Holmes* v. *Cradock*, 3 Ves., 317. If a bequest be made to an infant at his age of twenty-one years, and, if he die before that age, then over to another, in such case the legatee over does not claim under the infant; but the bequest over to him is a distinct substantive bequest, and is to be paid on the death of the infant under twenty-one. *Laundy* v. *Williams*, 2 P. Wms., 478; *Crickett* v. *Dolby*, 3 Ves., 10; *Mackell* v. *Winter*, 3 Ves., 536.

The fact that a note or order is taken payable to a third person, does not help at all to vest the title in the third person, without delivery. *Camp* v. *Scott and tr.*, 14 Vt., 387; *Williams* v. *Shepherd and trustee and claimant*, 33 Vt., 164.

By the statute (Acts of 1864, No. 7), this bounty money goes to the widow. Thomas Hyde had no legal power by this order to divest the widow of any share in the bounty money.

*Dale & Robinson*, for the defendants, insisted that the title to the bounty money or order, from its inception, vested in Horace H. Hyde. No money or order was due from the town to anybody until the completion of the contract between the intestate and the town, and then was so far vested in Horace H. that Thomas had no more control of it than the veriest stranger. Having never been Thomas Hyde's, it is no portion of his estate, and could not be assigned to any one as such.

The opinion of the court was delivered by

WILSON, J. This was an appeal from the decision and decree of the probate court to the county court, upon a petition for an assignment of personal property to the said Lovina, as widow of Thomas Hyde, deceased. Among the property inventoried and returned to the probate court by the administrator, S. N. Mason, as the property of the estate of the said Thomas, was a certain town order, drawn by the selectmen of the town of Barton on the treasurer of that town, dated August 7, 1864, for the sum of $1814, without interest, payable on the 22d day of February, 1875, to Horace H. Hyde, if living at that date, but, if not living at that time, to be paid to the said Lovina. In relation to the

origin, consideration and ownership of the order in question, it appears that in August, 1864, at the date of the order and just previous, the town of Barton was raising men to fill the quota of the town to serve in the army of the United States, under a call of the president, and was paying $1000 bounty to each volunteer. The said Thomas Hyde proposed to enlist into the said military service to the credit of the town of Barton, if it could be so arranged, in respect to the town bounty, that his son, Horace H. Hyde, would be sure of the $1000 town bounty when he arrived to the age of twenty-one years, he being at that time in his eleventh year. Thomas Hyde, on the 6th day of August, 1864, did enlist into the said service to the credit of Barton, under an agreement with that town, that the town, instead of paying to Thomas Hyde a bounty of $1000, should pay to his son, Horace H., the $1000 bounty and interest thereon, on the 22d day of February, 1875, on which day the said Horace H., if living, would arrive to the age of twenty-one years; but, in case of his decease before that date, the sum specified in the order should be paid to his mother, the said Lovina. It appears that, by agreement of the parties, the interest on the one thousand dollars was computed and added to the principal, and the town, as evidence of the contract, executed a town order in the words and figures following, viz.:

"Town Order.

Barton, August 7, 1864.

On the twenty-second day of February, 1875, for value received, pay to Horace H. Hyde, son of Thomas Hyde and Lovina Hyde, or, in case of the decease of the said Horace before the maturity of this draft, then in that case to the order of Lovina Hyde, the sum of 1814 dollars, without interest.

F. S. French, } Selectmen of Barton.
Mark Nutter, }

To the Treasurer of the town of Barton, Vt."*

[U. S. stamps, 95 cents.]

---

* The said Lovina, upon request of the said Thomas Hyde, after his enlistment and after the said arrangement with the town, deposited the said order with one Amos C. Robinson, to be put in his safe for safe keeping, and two months afterward got it from the said Robinson, and ever after kept it in her possession until it passed into the hands of the said administrator.    Reporter.

Thomas Hyde died in the United States hospital at Montpelier, March 7, 1865, leaving living his son, the said Horace H., his only lineal descendant, and the said Lovina, his widow, who has since married the said Mason, administrator of her late husband, Thomas Hyde.

It is claimed by the appellants, that the sum of money specified in the order is a part of the estate of Thomas Hyde, and that it should have been so considered and treated by the court below. The appellees claim that, by the terms of the original agreement, and legal effect of the order, the money belongs to Horace H. Hyde, and not to the estate of Thomas Hyde. Upon the evidence: stated in the bill of exceptions and therein referred to, the county court affirmed the decree of the probate court, upon the ground that the title to the town bounty money and order was from its origin vested in Horace H. Hyde, and was no part of the estate of Thomas Hyde. We are agreed that the judgment of the county court is correct. No question is made but that Thomas Hyde was of sound mind, and capable of making a contract, at the time of entering into the agreement with the town as to the town bounty, and as to whom it should be paid to. The payment of a town bounty may be regarded more in the nature of an inducement to enlist to the credit of the town offering the bounty, and as a consideration for the credit to such town, than as a consideration for military service to be performed. The general and state governments had made provision for the monthly payment to soldiers for their military services, by which they were very liberally compensated; and, besides this, the general government made provision for the payment of bounties to them. The creditors of Thomas Hyde could have no claim on the bounty, unless by his consent, even if it had been made payable to him. He had rendered no service to the town, and they were not indebted to him. He was at liberty to enlist into the military service of the United States to the credit of Barton, without any town bounty at all, or to require the town to pay him the offered bounty at the time of his muster, as a condition on which he would enlist to the credit of that town. But it seems that he felt a deep interest in the welfare and prosperity of his son Horace. He had a legal

right to allow, and very properly did allow, the town to make his son Horace the recipient and owner of the bounty, and to make the contract he did make with the town, by the terms of which the town of Barton should become debtor to his son for the bounty, in consideration of the said enlistment. By the enlistment and muster of Thomas Hyde, he had performed on his part his contract with the town. But the town never became indebted to Thomas Hyde, by reason of his enlistment or muster. He enlisted upon the express condition that the town would become indebted to his son for the town bounty. When he enlisted, the town became indebted to his son, just as the parties agreed. The order was drawn payable to his son Horace. The legal title to the order, and the money therein specified, vested in Horace H. Hyde from the beginning, and there was no necessity of any further delivery of the order, in order to perfect his title to the property. There is no statute in this state against the contract in question. The statute in relation to wills, is not applicable to this case. The town never was indebted to Thomas Hyde, and, consequently, is not indebted to his estate. His estate has no interest in the order, either present or prospective. The liability is fixed by the order. It is not in the nature of a gift by the father to his son, but it is a contract entered into between the father and the town of Barton, as to the conditions on which the father would enlist to the credit of Barton, and go into the military service of the United States, viz.: that the town should pay his son, when twenty-one years of age, the sum agreed on. The money belongs to the son, and the law will protect his rights, according to the terms of the contract.

There is no occasion to consider whether the town has, or may have a defense to the order when it shall have matured; nor to inquire what will be the rights of the mother, if Horace H. Hyde should die leaving a widow or issue. These questions can be settled when they arise and come properly before the court.

The judgment of the county court is affirmed.